UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MISTY N. HEIL, | ) | CIV. 09-5074-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING |
| BELLE STARR SALOON & | ) | MAGISTRATE JUDGE'S |
| CASINO, INC., and ANGIE'S INC.; | ) | ORDER FOR |
| | ) | CONSOLIDATION OF |
| Defendants, | ) | CASES AND OVERRULING |
| | ) | DEFENDANT'S |
| and | ) | OBJECTIONS |
| | ) | |
| THOMAS W. SHERWOOD, SR., | ) | |
| d/b/a SHERWOOD INVESTMENT | ) | |
| & TRUST COMPANY, and | ) | |
| SHERWOOD FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON ORELUP, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHELSEA LINTON, | ) CIV. 09-5099-JLV |
| ) |
| Plaintiff, ) |
| ) |
| vs. ) |
| ) |
| ANGIE'S INC. and BELLE STARR ) |
| SALOON & CASINO, INC.; ) |
| ) |
| Defendants, ) |
| ) |
| and ) |
| ) |
| THOMAS W. SHERWOOD SR., ) |
| d/b/a SHERWOOD INVESTMENT ) |
| & TRUST COMPANY, and ) |
| SHERWOOD FAMILY LIMITED ) |
| PARTNERSHIP, ) |
| ) |
| Defendants/Cross ) |
| Claim Plaintiffs, ) |
| ) |
| vs. ) |
| ) |
| JASON ORELUP, ) |
| ) |
| Defendant/Cross Claim ) |
| Defendant. ) |

**INTRODUCTION**

On April 24, 2012, plaintiff Chelsea Linton moved, pursuant to Fed. R. Civ. P. 42(a)(2), to consolidate <u>Linton v. Angie's Inc., et al</u>, CIV. 09-5099, with <u>Heil v. Belle Starr Saloon & Casino, Inc., et al.</u>, CIV. No. 09-5074. (CIV. 09-5099, Docket 63). Plaintiff Misty Heil did not oppose the consolidation. <u>Id.</u> Thomas W. Sherwood, Sr., d/b/a Sherwood Investment & Trust Company ("SITC") was the only defendant who opposed the motion.

2

Id. at Docket 73.  Pursuant to 28 U.S.C. § 636 the court referred plaintiff Linton's motion to Magistrate Judge Veronica L. Duffy.  Id. at Docket 75.  On June 26, 2012, Magistrate Judge Duffy issued an order granting the motion to consolidate.  Id. at Docket 78; see also Civ. 09-5074, Docket 120.  The order required all further filings be made in Heil, as the earlier and lead case.  Id. at p. 17.  SITC filed objections to the magistrate judge's order.  (09-5074, Docket 130).[1]  Plaintiff Linton filed a response to SITC's objections.  Id. at Docket 132.[2]

For the reasons stated below, the court finds Magistrate Judge Duffy's order is not clearly erroneous or contrary to law[3] and defendant's objections and request for reconsideration (Civ. 09-5074, Docket 130)[4] are denied.

---

[1]Although captioned in the Linton case, consistent with Magistrate Judge Duffy's order granting the motion to consolidate, the Clerk of Court has filed all subsequent documents in Heil.

[2]Fed. R. Civ. P. 72(b)(2) allows a party to respond to an opposing party's objections.

[3]See 28 U.S.C. § 636(b)(1)(A) (a party may seek reconsideration of a magistrate judge's order upon a showing the order is "clearly erroneous or contrary to law").

[4]All further citations to the record will refer to Heil, CIV. 09-5074, unless otherwise indicated.

**DISCUSSION**

SITC's objections to the magistrate judge's order granting Ms. Linton's ("plaintiff" for the remainder of this order) motion to consolidate are summarized as:

1. Plaintiff's motion to consolidate is untimely;

2. The overlap of witnesses is insufficient to warrant consolidation;

3. The damages witnesses and evidence are different;

4. Each case will require separate facts to establish liability;

5. The magistrate judge relied on non-precedential authority; and

6. Consolidation will be prejudicial to all defendants.

Id. Each objection will be separately addressed.

**1. PLAINTIFF'S MOTION TO CONSOLIDATE IS UNTIMELY**

Fed. R. Civ. P. 42 guides the court as to when consolidation of cases may occur. That section provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "[T]o avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, . . . or third party claims." Rule 42(b).

SITC does not object to the magistrate judge's interpretation of Rule 42(a). (Docket 130 at p. 2). Rather, SITC objects to the timeliness of plaintiff's motion. Id. SITC acknowledges that Rule 42(a) does not itself contain a deadline for filing a motion for consolidation. Id. SITC argues the motion to consolidate was filed beyond the deadline set by the court for filing of motions, thus violating the court's scheduling order. Id. The order granting extension of deadlines contained the following provision: "[a]ll motions, other than motions *in limine*, shall be filed and served on or before February 22, 2012 . . . ." (Civ. 09-5099, Docket 44 at ¶ 2) (bold omitted). Plaintiff's motion to consolidate was filed on April 24, 2012. Id. at Dockets 63 & 73 at pp. 2-3.

"A motion to consolidate may be made as soon as the issues that justify consolidation become apparent . . . ." 9A Wright & Miller, Federal Practice and Procedure § 2383 (3d ed. 2012). However, a motion is not mandatory as "the trial court may order consolidation on its own initiative." Id. Because the court agrees consolidation is appropriate for the reasons

5

stated in the magistrate judge's order (Docket 120) and in this order, the court considers SITC's objection to timeliness moot.[5]

## 2. THE OVERLAP OF WITNESSES IS INSUFFICIENT TO WARRANT CONSOLIDATION

SITC argues the overlap of six witnesses is insufficient to justify consolidation. (Docket 130 at p. 3). "This case is about intensely personal, individualized, and highly graphic allegations of sexual assault and battery– claims that, irrespective of the number of overlapping witnesses, will likely have a significant impact on the jury's ability to differentiate claims and keep facts separate in their minds while hearing testimony and deliberating on the evidence." Id. SITC argues the plaintiffs were employed at separate times at the Belle Starr Casino and did not witness "the alleged wrongdoing committed against the other or any pattern or practice of a hostile environment alleged to have occurred during the other's employ." Id. at p. 4. SITC also argues that some witnesses' testimony may be relevant to one plaintiff's case but not to the other. Id. at pp. 4-5.

Reviewing the pleadings in both cases, the court finds the number of overlapping witnesses may be as high as twenty. In addition to each of the named plaintiffs and defendants, it is reasonable to assume the employees in management and other employees and former employees of the Belle

---

[5]Had the motion to consolidate been filed in Heil, the motion would have been within the time set for filing of motions. (Docket 84 at ¶ 9).

Starr Casino as well as a law enforcement officer identified by the parties may testify at trial. The potential crossover list of witnesses includes: Misty Heil, Chelsea Linton, Jason Orelup, Thomas Sherwood, Jr., Thomas Sherwood, Sr., Terry Blood, Scarlet Via (Scarlett Vale), Sarah Tjeerdsma, Sarah Michael, Cody Hilton, Justin Boges (Justin Voges), Jessica Torres, Ann Bunney, Dawn Parsons (Dawn Hoke-Vetter), Rhonda Graff, Christine Rieb, Alice Vachon, Sylvester Jackson, Jason Cease (Jeremy Cease), and Detective Stephen Neavill. Compare Dockets 131-1 & 131-2.

Plaintiffs' "claims are centered on allegations of sexual and physical harassment involving the same decision-maker, Jason Orelup, and the same *modus operandi*." (Docket 120 at p. 9). "While the court is appreciative of defendants' concern that a jury will not be able to compartmentalize the claims of one of the plaintiffs as opposed to the other, with proper jury instructions, the court and counsel can assure that no jury confusion will arise." Id. "All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay, . . . and consolidation should be upheld unless there has been a clear abuse of discretion . . . ." E.E.O.C. v. HBE Corp., 135 F.3d 543, 550 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(a)) (internal citation omitted). The court finds it is "appropriate to consolidate these claims and avoid the inefficiency of

separate trials involving related parties, witnesses, and evidence." Id. at 551.

SITC's objection on this ground is overruled.

**3.  THE DAMAGES WITNESSES AND EVIDENCE ARE DIFFERENT**

SITC objects to consolidation because "[e]ach plaintiff will present different treating physicians, . . . each with varying (and differing) levels of alleged injuries, and substantial outside and prior conditions effecting their medical/emotional/psychological conditions and treatment history." (Docket 130 at p. 7). SITC argues in addition to each witness offering testimony as to each plaintiff's alleged injuries and damages, "[d]efendants expect to present significant counter-testimony relating to past, present and concurrent medical, emotional and psychological conditions that are likely to compromise the Plaintiffs' claims for damages." Id.

"Consolidation is not barred simply because the plaintiffs' may be relying on different legal theories or because there are some questions that are not common to all of the actions; the critical consideration . . . is whether there is at least one common question of law or fact to justify bringing the actions together . . . ." 9A Wright & Miller, Federal Practice and Procedure § 2384 (3d ed. 2012). "While each of [p]laintiffs' specific medical conditions may be different, those differences and their significance can be explained to a jury and easily understood." Suhn v. Breg, Inc., No. CIV.

8

08-4190-KES, 2011 WL 1527263 at *2 (D.S.D. Apr. 20, 2011) (citation omitted). "Moreover, there are only two plaintiffs. The unrelated evidence can therefore be presented to a jury in a manner that is not confusing by using proper questioning techniques and identification of exhibits." Id. (internal quotation marks and citation omitted). The risk of confusion of issues is minimal and the court finds SITC's objection does not warrant separate trials. Id.

SITC's objection on this ground is overruled.

**4. EACH CASE WILL REQUIRE SEPARATE FACTS TO ESTABLISH LIABILITY**

SITC objects to consolidation because "the *Heil* Case involves specific allegations of physical assaults and threats made against Heil, a police report, a criminal charge, and investigations . . . of the alleged assault/battery, and a dispute as to the circumstances leading to the subsequent termination of Ms. Heil's employ . . . . [whereas] [t]he *Linton* Case . . . is much less specific involving alleged 'sexual advances' and 'propositions' as terms of Ms. Linton's employ, vague allegations of sexual harassment, and important questions related to Ms. Linton's job performance . . . ." (Docket 130 at p. 8).

While some of the facts relating to each plaintiff's claim will be different, the ultimate issue remains the same: "allegations of sexual and physical harassment involving the same decision-maker, Jason Orelup, and

9

the same *modus operandi*." (Docket 120 at p. 9). Facts relating to Ms. Heil's claim of sexual harassment are relevant to Ms. Linton's claim of sexual harassment and the employer's knowledge of past harassment or a hostile work environment. HBE Corp., 135 F.3d at 551 (plaintiffs "sought to present similar evidence about a climate of racial hostility at [work] . . . and the events immediately preceding and following [a plaintiff's] discharge. This evidence was relevant to establish both why [that plaintiff] was fired and why [the other plaintiff] had a reasonable belief that it was because of racial discrimination.").

SITC's objection on this ground is overruled.

**5.     THE MAGISTRATE JUDGE RELIED ON NON-PRECEDENTIAL AUTHORITY**

SITC objects to the magistrate judge's analysis and use of a United States Court of Appeals for the Fifth Circuit case, Alaniz v. Zamora-Quezada, 591 F.3d 761 (5th Cir. 2009), "to show consolidation is still appropriate and a lack of prejudice by comparison to a case involving four (4) plaintiffs, each claiming sexual harassment occurring at differing times but establishing the same *modus operandi* of the defendant." (Docket 130 at p. 8). While Alaniz involved a denial of a motion for separate trials under Fed. R. Civ. P. 42(b), it still focused upon the principal issues of economy, convenience and prejudice which form the foundation for Rule 42. Alaniz, 591 F.3d at 773. "All of the [plaintiffs'] claims center on allegations of

continuous sex discrimination involving the same *modus operandi*. Further, [plaintiffs'] claims are based on a similar series of transactions that were committed by the same defendant over a relatively short time span. Accordingly, each [plaintiff's] claim and evidence presented was relevant to the others' allegations, while prejudice to the defendant, if any, was minimal." Id. at 774. The Alaniz court cited HBE Corp., supra, as additional authority for its decision to affirm the district court's denial of a Rule 42(b) motion for separate trials. Id. at n. 30.

The court finds the magistrate judge's use of Alaniz was appropriate in focusing on the "allegations of sexual and physical harassment involving the same decision-maker, Jason Orelup, and the same *modus operandi*." (Docket 120 at p. 9). HBE Corp. and Alaniz both support the court's decision to conclude consolidation is appropriate in this case.

SITC's objection on this ground is overruled.

**6.     CONSOLIDATION WILL BE PREJUDICIAL TO ALL DEFENDANTS**

SITC objects to consolidation "on the ground that it is not only juror confusion, but prejudice of a presumption of guilt (or liability) by mere association as a result of two cases being lumped together . . . ." (Docket 130 at p. 9). "[T]he same juror being presented with witness testimony and evidence from one case, on graphic issues of sexual harassment and assault against one plaintiff cannot help but be influenced in his/her

11

consideration and weighing of the evidence in the second case." Id. SITC argues this confusion of issues and prejudice will be even "more problematic here, where there are now four different defendants all presenting arguments against liability and damages." Id. "SITC objects because, as a practical matter, basic due process and fundamental fairness dictates that a court should err on the side of preventing prejudice as opposed to the mere convenience of one party." Id. at p. 10.

"Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." HBE Corp. 135 F.3d at 551 (citing Fed. R. Civ. P. 42(b)). Like the defendant in Suhn, SITC argues the differences in these two cases "demonstrate the need for separate trials." Suhn, 2011 WL 1527263 at *2. In Suhn, the court concluded "jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions . . . and strive to understand, make sense of, and follow the instructions given them." Id. at *3 (citing Francis v. Franklin, 471 U.S. 307, 324 n. 9 (1985)). The same four defendants will be arguing the same, or similar, evidence and defenses to each plaintiff's claims of sexual harassment. With proper jury instructions addressing plaintiffs' separate claims, the court is confident any unfair prejudice will be avoided. Id.

SITC's objection on this ground is overruled.

**ORDER**

Based upon the above analysis, it is hereby

ORDERED that Magistrate Judge Duffy's order (CIV. 09-5099, Docket 78; CIV. 09-5074, Docket 120) is affirmed and defendant's objections and request for reconsideration (CIV. 09-5074, Docket 130) are denied.

Dated March 11, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE