UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MISTY N. HEIL, | ) | CIV. 09-5074-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING IN PART |
| BELLE STARR SALOON & | ) | AND DENYING IN PART |
| CASINO, INC.; ANGIE'S INC.; | ) | PLAINTIFF HEIL'S MOTION |
| | ) | TO COMPEL |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS W. SHERWOOD, SR., | ) | |
| d/b/a  Sherwood Investments & | ) | |
| Trust Company, and | ) | |
| SHERWOOD FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON ORELUP, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHELSEA LINTON, | ) | CIV. 09-5099-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGIE'S INC.; BELLE STARR | ) | |
| SALOON & CASINO, INC.; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS W. SHERWOOD SR., | ) | |
| d/b/a Sherwood Investments | ) | |
| and Trust Company, and | ) | |
| SHERWOOD FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Cross | ) | |
| Claim Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON ORELUP, | ) | |
| | ) | |
| Defendant/Cross Claim | ) | |
| Defendant. | ) | |

Pending before the court is plaintiff Misty Heil's motion to compel answers to her third set of interrogatories to defendants Sherwood Family Limited Partnership and Thomas W. Sherwood, Sr., d/b/a Sherwood Investments and Trust Company.[1]  (Docket 176).  Ms. Heil seeks answers to

---

[1]For convenience, Sherwood Family Limited Partnership will be referred to as "SFLP," Thomas W. Sherwood, Sr., will be referred to as "Mr. Sherwood, Sr.," and Sherwood Investments and Trust Company will be referred to as "SITC," and collectively the defendants shall be referred to as the "SITC defendants."

2

interrogatories and the production of documents "consistent with

information available to Tom Sherwood, Sr. and his employees[.]".  Id. at p.

2.  Defendants resist Ms. Heil's motion.  (Docket 181).

Ms. Heil complied with Fed. R. Civ. P. 37(a)(1) and D.S.D. Civ. LR 37.1

by attempting, in good faith, to resolve her differences with defendants

before bringing the second motion to compel before the court.  (Docket 176

at p. 2).  Each of Ms. Heil's interrogatories and requests for production will

be addressed separately.

> **INTERROGATORY NO. 1**: List each and every entity owned in-
> part or in-whole by Thomas Sherwood, Jr., indicating each entity's
> owners, shareholders, directors, officers, employees, agents, and
> independent contractors from January 1, 2008 to the present.

(Docket 177 at p. 7).  Defendants response was:

> The SITC Defendants object to this interrogatory on the [sic] it
> seeks information concerning Thomas Sherwood Jr., who is not a
> named defendant in these actions. The SITC Defendants cannot
> answer an interrogatory on behalf of another person or entity. The
> SITC Defendants further object to this interrogatory as it seeks
> information which is not relevant and not designed to lead to the
> discovery of admissible evidence. The SITC Defendants further
> object to this interrogatory on the grounds that it is overbroad and
> unduly burdensome as to the time period requested and seeks
> information that is not in the custody or control of the SITC
> Defendants.

Id.

"Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized

as a discovery rule which is liberal in scope and interpretation, extending to

those matters which are relevant and reasonably calculated to lead to the

3

discovery of admissible evidence." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b)) clearly states that inadmissibility is no grounds for objection to discovery. . . ." Id. (referencing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978)). A party seeking discovery is merely required to make a threshold showing of relevance, which is more relaxed than the showing required for relevance in the context of admissibility. Id. at 351. The party resisting production of discovery bears the burden of establishing lack of relevancy or that complying with the request would be unduly burdensome. See St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000). "[T]he mere statement . . . that [an] interrogatory [or request for production] was 'overly broad, burdensome, oppressive [or] irrelevant' is not adequate to voice a successful objection." Id. (internal citation omitted). "[T]he party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome, or oppressive." Id. at 512 (internal citation omitted). "Because the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive is not in itself a reason for refusing to order discovery which is otherwise appropriate."

4

In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill. 1979)
(internal citation omitted).  "[T]he fact that answering the interrogatories will
require the objecting party to expend considerable time, effort and expense
consulting, reviewing and analyzing huge volumes of documents and
information is an insufficient basis to object."  Burns v. Imagine Films
Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (internal citation
omitted).

Defendants argue Ms. Heil took Mr. Sherwood, Jr.'s, deposition in
2011 and could have asked him these same questions at that time.  (Docket
181).  However, both Ms. Heil's and Ms. Linton's second amended
complaints including Mr. Sherwood, Sr., and SFLP as additional defendants
were not filed until mid-2012.  (Dockets 121 & 122).

While it is generally true a father cannot answer an interrogatory on
behalf of his son, Mr. Sherwood, Sr., can certainly answer interrogatory no.
1 to the extent of his personal knowledge as to his son's involvement in the
business entities in which Mr. Sherwood, Sr., is also a participant.  The
information is relevant as Mr. Sherwood, Jr., is identified as a business
associate with his father in a number of prior filings and rulings in this
consolidated case.  (Dockets 1, 35, 96-15, 104-11, 111, 112, 154, & 155).

Defendants' answer to the interrogatory also specifically limits their
response to the SITC defendants.  (Docket 181 at p. 6).  Defendants will

fully answer the question, identify all entities of Mr. Sherwood, Sr., in which Mr. Sherwood, Jr., is a part-owner, and then respond to the remainder of the interrogatory.

Defendants have not met their "burden under [Rule 33(b)(4)] of making a specific showing of reasons why the interrogatories [and requests for documents] should not be answered or documents not produced where [it] merely made conclusory objections." Burns, 164 F.R.D. at 593. To the extent the same objections are made in subsequent interrogatories and requests for production of documents, defendants' objections on these grounds are overruled.

Mr. Sherwood, Sr., shall answer interrogatory no. 1.

> **INTERROGATORY NO. 2**: List each and every entity owned in-part or in-whole by Thomas Sherwood, Sr., indicating each entity's owners, shareholders, directors, officers, employees, agents, and independent contractors from January 1, 2008 to the present.

(Docket 177 at p. 8). Defendants' response was:

> The SITC Defendants object to this interrogatory as overbroad, unduly burdensome and seeking information that is not designed to lead to the discovery of admissible evidence. Subject to and without waiving those objections, the SITC Defendants respond as follows.

Id. at pp. 8-9 (listing 29 entities).

Ms. Heil seeks this information to prove "the existence of a single integrated enterprise amongst the Sherwood owned companies." Id. at p. 6.

"The legal standard . . . for determining a parent corporation's liability for a subsidiary's commission of practices prohibited by Title VII . . . . [is] a four-part test treating related but distinct entities as an integrated enterprise based on 1) interrelation of operations, 2) common management, 3) centralized control of labor relations, and 4) common ownership or financial control." <u>Sandoval v. American Building Maintenance Industries, Inc.</u>, 578 F.3d 787, 793 (8th Cir. 2009) (citing <u>Baker v. Stuart Broad. Co.</u>, 560 F.2d 389, 391 (8th Cir.1977)).  The court's "reliance upon, and the continued viability of, Baker's four-part test is supported by EEOC guidance and Congressional intent." <u>Id.</u>  "Under the EEOC's interpretation of Title VII, '[t]he separate entities that form an integrated enterprise are treated as a single employer for purposes of both coverage and liability,' and 'relief can be obtained from any of the entities that form part of the integrated enterprise.' " <u>Id.</u> (citing EEOC Compliance Manual, Section 2: Threshold Issues, No. 915.003, at 44).

Defendants object to this interrogatory claiming "Tom <u>Jr.</u> does not have an ownership interest in any of these entities, other than that as a limited partner of SFP . . . ." (Docket 181) (emphasis in original).  This interrogatory specifically focuses on the ownership of Mr. Sherwood, Sr., not his son.  Defendants effort to deflect focus away from Mr. Sherwood, Sr., is disingenuous.

The information requested by Ms. Heil is "relevant and reasonably calculated to lead to the discovery of admissible evidence." Hofer, 981 F.2d at 380. Defendants' objections are overruled. Mr. Sherwood, Sr., shall provide all the information requested by interrogatory no. 2 for all 29 entities identified.

> **INTERROGATORY NO. 3**: List which individuals, whether owners, shareholders, officers, directors, employees, or agents of any Defendant or any Thomas Sherwood, Sr. or Thomas Sherwood, Jr. owned or personally owned entity, that received actual notice of Misty Heil's claim, made to the Department of Labor or filed with the United States District Court.

(Docket 177 at p. 9). Defendants' response was:

> The SITC Defendants object to this interrogatory to the extent that it seeks information concerning Thomas Sherwood, Jr., who is not a named defendant in these actions. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory as the term "actual notice" is vague and subject to differing interpretations. Subject to and without waiving these objections and the objections to definitions, no owner, shareholder, officer, director, employee, or agent of the SITC Defendants received formal notice of Misty Heil's claim prior to the SITC Defendants being served in this lawsuit.

Id. at pp. 9-10 (emphasis in original).

Defendants' assertion the phrase "actual notice" is vague ignores the context in which the phrase is used in this litigation. In the order granting plaintiff's motion to join and amend complaint, Magistrate Judge Veronica L. Duffy specifically focused on the issue of notice. (Docket 115). SITC asserted Ms. Heil should not be allowed to file a second amended complaint

8

adding Mr. Sherwood, Sr., and SITC because plaintiff's "claim would be time-barred by the applicable statute of limitations." Id. at 30. "[T]he issue to be determined is whether the claims against Sherwood Family 'relate back' to the original date of the complaint, which was filed September 15, 2009." Id. at p. 31. The amendment to Ms. Heil's complaint would relate back to the filing of her original complaint "if . . . the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits. . . ." Id. (citing Fed. R. Civ. P. 15(c)(1)(C)(i)). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Id. (referencing Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1072 (8th Cir. 2006)).

"Sherwood Family does not address whether it had actual or constructive notice of Ms. Heil's complaint." Id. at p. 32. "The question of whether Ms. Heil's claims against newly-added defendants will relate back to the date of her original institution of this lawsuit hinges on whether those defendants had notice of the lawsuit, actual or constructive. . . . The court will allow the amendment and any discovery related to the statute of limitations issue." Id. at p. 33.

"Actual notice" is defined as "[n]otice given directly to, or received personally by, a party." *Black's Law Dictionary, 1164* (9th ed. 2009). Defendant's objection that Ms. Heil's "request is vague in terms of what she means by 'actual notice.' . . ." borders on bad faith, a close cousin of contemptuous conduct. (Docket 181 at p. 7). Defendants well know Ms. Heil is seeking information from Mr. Sherwood, Sr., so as to ensure her second amended complaint survives defendants' statute of limitation claim by coming within the relation back provisions of Rule 15(c)(1)(C).

Ms. Heil's interrogatory is clear and requires Mr. Sherwood, Sr., to identify to the best of his personal knowledge when he, his son, and the owners, shareholders, officers, directors, employees, or agents of any Thomas Sherwood, Sr., owned or partially owned entity received actual notice of Misty Heil's claim as made to the Department of Labor or filed with the United States District Court. Mr. Sherwood, Sr.'s, answer was nonresponsive and evasive. Defendants' objections are overruled. Interrogatory no. 3 must be answered.

> **INTERROGATORY NO. 4**: For each individual listed in Interrogatory No. 3, list each individual's position and the entity, or entities the individual is/was employed by, working for, and/or agent of, etc.

(Docket 177 at p. 10). Defendants' response was:

> The SITC Defendants object to this interrogatory to the extent that it seeks information concerning Thomas Sherwood, <u>Jr.</u>, who is <u>not</u> a named defendant in these actions. The SITC Defendants cannot

answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory as the term "etc." is vague and subject to differing interpretations. Subject to and without waiving these objections and the objections to definitions, see answer to number 2.

Id. (emphasis in original).

Plaintiff's use of the abbreviation "etc." is not of sufficient clarity to require the defendants to respond to the "etc." However, for all the reasons stated above, defendants' answer was nonresponsive and evasive. Defendants' objections are overruled. Interrogatory no. 4 must be answered.

> **INTERROGATORY NO. 5**: List which individuals, whether owners, shareholders, officers, directors, employees, or agents of any Defendant or any Thomas Sherwood, Sr. or Thomas Sherwood, Jr. owned or personally owned entity, that received actual notice of Chelsea Linton's claim, made to the Department of Labor or filed with the United States District Court.

Id.  Defendants' response was:

> The SITC Defendants object to this interrogatory to the extent that it seeks information concerning Thomas Sherwood, Jr., who is not a named defendant in these actions. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory as the term "actual notice" is vague and subject to differing interpretations. Subject to and without waiving these objections and the objections to definitions, no owner, shareholder, officer, director, employee or agent of the SITC Defendants received formal notice of Chelsea Linton's claim prior to the SITC Defendants being served in this lawsuit.

Id. (emphasis in original).

11

The court's analysis of interrogatory no. 3 is applicable to defendants' response to this interrogatory.  Mr. Sherwood, Sr.'s, answer was nonresponsive and evasive.  Defendants' objections are overruled. Interrogatory no. 5 must be answered.

> **INTERROGATORY NO. 6**: For each individual listed in Interrogatory No. 5, list each individual's position and the entity, or entities the individual is/was employed by, working for, and/or agent of, etc.

Id. at pp. 10-11.  The defendants' response was:

> The SITC Defendants object to this interrogatory to the extent that it seeks information concerning Thomas Sherwood, Jr., who is not a named defendant in these actions. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory as the term "etc." is vague and subject to differing interpretations. Subject to and without waiving these objections and the objections to definitions, see answer to number 2.

Id. at p. 11 (emphasis in original).

The court's analysis of interrogatory no. 4 is applicable to defendants' response to this interrogatory.  Mr. Sherwood, Sr.'s, answer was nonresponsive and evasive.  Defendants' objections are overruled. Interrogatory no. 6 must be answered.

> **INTERROGATORY NO. 7**: List all individuals in any Pennsylvania office owned, operated, or managed by any Defendant or any entity owned or partially owned or managed by Thomas Sherwood, Sr. or Thomas Sherwood, Jr. who would have answered telephone calls on behalf of Thomas Sherwood, Sr., Thomas Sherwood, Jr., Thomas W. Sherwood, Sr. d/b/a Sherwood Investments and Trust Company, Sherwood Family Limited Partnership, "Sherwood Management" or "Sherwood Investments" as used and described

12

in the memorandums and letters attached to Affidavit of Rebecca L. Mann as Documents 66-13, 66-14, 66-15 and 66-16 in District of South Dakota Case 5:09-cv-05099-JLV. Following each individual's name, indicate all entities that individual received phone calls or took messages for, or would forward messages to, for the time period of January 1, 2007 through the present.

Id. at p. 12.  Defendants' response was:

The SITC Defendants object to this interrogatory to the extent that it seeks information concerning Thomas Sherwood, Jr., who is not a named defendant in these actions. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. The SITC Defendants further object to this interrogatory to the extent that it seeks information not in the possession, custody or control of the SITC Defendants. Subject to and without waiving these objections and the objections to definitions, the following individuals answered the telephone for the SITC Defendants:

Angie Sherwood
Earl Whittle
Maria Campbell

Each of these individuals answered the telephone for SITC, and ADI, which later was renamed Mr. DVD.

Id. at p. 13.

 Plaintiff's interrogatory is proper to evaluate whether Mr. Sherwood, Sr.'s, companies or interests constitute an integrated enterprise.  Sandoval, 578 F.3d at 793.  Mr. Sherwood, Sr.'s, answer was only partially responsive. Defendants' objections are overruled.  Interrogatory no. 7 must be fully answered.

13

**INTERROGATORY NO. 8**: List all businesses, entities, individuals, and others who received mail, faxes, e-mails, messages, and was registered to receive service of process for the following addresses from January 1, 2007 until the present:

    (a)    600 N. 3rd Street, Philadelphia, Pennsylvania 19123;

    (b)    649 West Glenwood Avenue, Philadelphia, Pennsylvania 19142;

    (c)    P.O. Box 16420, Philadelphia, Pennsylvania 19122;

    (d)    1407 Main Street, #200, Longmont, Colorado 80501;

    (e)    1420 S. Acoma Street, Denver, Colorado 80223; and

    (f)    649 West Glenwood / 3500 N. Sixth, Philadelphia, Pennsylvania 19140.

(Docket 177 at p. 14).  Defendants' response was:

The SITC Defendants object to this interrogatory to the extent that it seeks information other than as to the SITC Defendants. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory as overbroad, unduly burdensome, seeking information which is not relevant and not designed to lead to the discovery of admissible evidence and seeking information not in the possession, custody or control of the SITC Defendants. Subject to and without waiving these objections and the objections to definitions, the SITC Defendants received mail at the following addresses during the time period requested:

P.O. 16420, Philadelphia, PA 19122
649 West Glenwood/3500 N. Sixth, Philadelphia, Pennsylvania 19140.

The entities listed in response to Interrogatory No. 2 also received mail at these addresses.

Id. at p. 15.

Mr. Sherwood, Sr.'s, answer was only partially responsive.  To best of his personal knowledge Mr. Sherwood, Sr., shall provide an answer for each

of the addresses identified in plaintiff's interrogatory.  Defendants'

objections are overruled.  Interrogatory no. 8 must be fully answered.

> **INTERROGATORY NO. 10**: List all businesses, entities, individuals, and others who are included in the description of "We have approximately 60 separate companies with interests in Manufacturing, Distribution, Video Production and of course approximately 95 Retail Stores similar to Video Blues" as described in the Sherwood Investment Memorandum dated May 17, 2002 attached to Affidavit of Rebecca L. Mann as Document 66-15 in District of South Dakota Case 5:09-cv-05099-JLV. For each of these companies, stores, etc., list their address, telephone and fax numbers used, and number of employees for each year from January 1, 2007 to January 31, 2011.

(Docket 177 at pp. 15-16).  Defendants' response was:

> The SITC Defendants object to this interrogatory on the grounds that the term "we" is vague and subject to differing interpretations. The SITC Defendants further object to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeking information which is not relevant and not designed to lead to the discovery of admissible evidence, as it seeks information that is outside the time period of this lawsuit. The SITC Defendants further object to this interrogatory to the extent that it seeks information not in the possession, custody or control of the SITC Defendants. Subject to and without waiving these objections and the objections to definitions, the SITC Defendants refer Plaintiff to the list of entities provided in response to interrogatory no. 2. The SITC Defendants' investigation is continuing and updated information will be provided as appropriate.

Id. at p. 16.

The document referred to in this interrogatory is a memorandum on

letterhead of Sherwood Investment and Trust.  (09-5099, Docket 66-15).

The letterhead identifies Gregory B. Shearer as the contact person at the

address of the company and the memorandum identifies Mr. Shearer as "Sherwood Management." Id. at pp. 1-2. The memorandum makes reference to "our Company," and includes the statement "[w]e have approximately 60 separate companies with interests in Manufacturing, Distribution, Video Production, and of course approximately 95 Retail Stores similar to Video Blues." Id. at p. 1. The term "we" is not vague as suggested by defendants. Rather, "we" clearly refers to Sherwood Investment and Trust, the company which will be assuming the loan referenced in the memorandum.

Defendants assert Mr. Shearer "is not and was not then a[] SITC employee." (Docket 181 at p. 8). For purposes of this analysis, the court must assume that statement is accurate as it was made under oath. That being said, defendants' answer is vague as to whether Mr. Shearer was an employee of one or more of Mr. Sherwood, Sr.'s, other businesses. Defendants' objections are overruled. Interrogatory no. 10 must be fully answered.

> **INTERROGATORY NO. 15**: Has Thomas W. Sherwood, Sr., d/b/a Sherwood Investments and Trust Company and Sherwood Family Limited Partnership owned, from 2008 to the present, any interest in any real property? If so, for each piece of property state:
>
> (a)   The date of acquisition.
> (b)   The nature of the property, the title thereto, and the extent of your interest therein.
> (c)   The postal address of the property.
> (d)   The legal description of the property.

16

(e)  The date and method of acquisition by you, whether by purchase, gift, inheritance or otherwise.

(f)  The purchase price, or, if otherwise acquired, the value at the time of acquisition.

(g)  The portion of the purchase price which was paid in cash, and the portion(s) which were traded or financed.

(h)  The name and address of sellers or persons from whom title was acquired, and the relationship between them and you.

(i)  The approximate current market value and income tax basis thereof.

(j)  The extent of each encumbrance, the name of the secured party and the amount and rate of periodic payments.

(k)  The amount of the current year's real estate taxes.

(l)  If sold by you or on your behalf, the date sold and consideration therefore. If you still receive payments for same, or hold a note or other security, state the current balance, manner of payment and nature of security.

(m)  Do you receive any rental or lease from any property? If so, state for each the amount and source and nature of rental or lease agreement. The name and address of any person who has made an appraisal or has for any reason stated the approximate value of the property within the last two years?

(Docket 177 at pp. 15-16).  Defendants' response was:

> The SITC Defendants object to this interrogatory as overbroad, unduly burdensome, seeking information which is not relevant and not designed to lead to the discovery of admissible evidence, and seeking information not in the possession, custody or control of the SITC Defendants. Subject to and without waiving these objections, <u>see</u> documents regarding real property for Belle Starr and Angie's that will be produced in response to the Request for Documents below.

Id. at p. 18 (emphasis in original).

17

Plaintiff argues "[e]vidence that other Sherwood owned businesses were located on SFLP and SITC land will help prove that the Belle Starr and Angie's were set up as pieces in the Sherwoods' larger integrated enterprise, not as standalone businesses." (Docket 177 at p. 19).  The interrogatory is proper to evaluate whether Mr. Sherwood, Sr.'s, companies constitute an integrated enterprise.  Sandoval, 578 F.3d at 793.

Mr. Sherwood, Sr.'s, answer was only partially responsive and was evasive.  Defendants' objections are overruled.  Interrogatory no. 15 must be fully answered.

> **INTERROGATORY NO. 16**: Has Thomas W. Sherwood d/b/a Sherwood Investments and Trust Company and Sherwood Family Limited Partnership at any time within the last five (5) years made or caused to be made any financial statement resume of Defendants' financial worth or list of assets for any purpose? If so, state the date made, the purchase for which it was made, and the name and address of the institution to which it was provided. Attach a copy of such statement to your answers to these Interrogatories. In the alternative, please state your financial net worth for the last five (5) years.

(Docket 177 at p. 19).  Defendants' response was:

> The SITC Defendants object to this interrogatory as overbroad, unduly burdensome, seeking information which is not relevant and not designed to lead to the discovery of admissible evidence, and seeking information not in the possession, custody or control of the SITC Defendants. The SITC Defendants further object to this interrogatory as it seeks information that is confidential and proprietary to the SITC Defendants.

Id.

18

Plaintiff seeks financial information from Mr. Sherwood, Sr., in support of her punitive damage claim and as part of "her integrated enterprise theory." Id. at p. 18.  Defendants object to this interrogatory asserting "[a] corporation's net worth is irrelevant to the assessment of punitive damages against it." (Docket 181 at p. 9) (citing TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 491 (1993) (O'Connor, White and Souter, JJ., dissenting).  Defendants also argue "Heil cannot show by clear and convincing evidence that the SITC Defendants acted maliciously." Id. at p. 10.

There is no privilege for "confidential or proprietary" documents.  Simply because a document may be "proprietary" or "confidential" does not protect it from discovery.  Under Fed. R. Civ. P. 26(c)(1), it is defendants' duty to move for a protective order.  "[T]he party opposing discovery must show that the information is a 'trade secret or other confidential research, development, or commercial information,' under Rule 26(c)(7) and that its disclosure would be harmful to the party's interest in the property." In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991).  "The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial." Id.  "If the party seeking discovery fails to show both the relevance of the requested information and the need for the

material in developing its case, there is no reason for the discovery request to be granted, and the [confidential materials] are not to be revealed." Id. "If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information." Id. The court then fashions the manner or conditions under which the particular documents are disclosed to plaintiff or are available for other purposes. Fed. R. Civ. P. 26(c).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' " WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1). Rule 26 confers broad discretion on the court to decide when discovery is appropriate and how to manage discovery issues.

Assertion of a privilege or protection from discovery is governed by Fed. R. Civ. P. 26. The rule requires in part:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
>> (i)     expressly make the claim; and

> (ii)   describe the nature of the documents,
> communications, or tangible things not produced or
> disclosed--and do so in a manner that, without
> revealing information itself privileged or protected,
> will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).  This rule contemplates a party must file its privilege

log simultaneously with the assertion of a privilege in response to a

discovery request.  See St. Paul Reinsurance Company, Ltd., 197 F.R.D. at

628 ("The party asserting the privilege meets its burden of providing a

factual basis for asserting the privileges when it produces a detailed

privilege log stating the basis of the claimed privilege for each document in

question, together with an accompanying explanatory affidavit of its . . .

counsel.") (internal quotation marks and alterations omitted).

Defendants did not assert a qualified privilege as the basis for non-

disclosure.  Fed. R. Civ. P. 26(b)(5(a)(I).  The court concludes defendants

waived all privileges related to the answers and documents requested by

failing to assert a valid privilege claim in a timely or effective manner.  St.

Paul Reinsurance Co., Ltd., 197 F.R.D. at 641.

Defendants have not moved for a protective order in support of their

objection to interrogatory no. 16.  However, there is already a protective

order in place in this litigation.  See Docket 105.  SITC was a party to the

joint motion requesting the court to enter a protective order.  Id. at p. 17.

Certainly defendants Mr. Sherwood, Sr., and the SFLP are aware of this

protective order because the same attorneys who represent SITC also represent these additional defendants which are closely affiliated with SITC. Id.  The defendants could request confirmation from both plaintiffs' counsel that any information released in response to Ms. Heil's discovery demands is subject to the terms of the protective order.  Refusing to answer the interrogatory is without merit.  All objections on this basis are denied.

Defendants' brief argues Ms. Heil cannot prove her punitive damages claim.  The Civil Rights Act of 1991 authorizes an award of punitive damages for Title VII actions when an employer has engaged in intentional discrimination and acted "with malice or with reckless indifference to the federally protected rights" of an employee.  Kolstad v. American Dental Association, 527 U.S. 526, 534 (1999) (citing 42 U.S.C. § 1981a(b)(1)) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices *with malice or with reckless indifference to the federally protected rights of an aggrieved individual*.") (emphasis in original).  "Punitive damages are appropriate for victims of Title VII if the plaintiff has shown that the employer engaged in intentional discrimination and acted with 'malice or with reckless

indifference' to the plaintiff's federally protected rights." Dominic v. DeVilbiss Air Power Co., 493 F.3d 968, 974 (8th Cir. 2007) (citing 42 U.S.C. § 1981a(b)(1); Kolstad, 527 U.S. at 526). "Malice and reckless indifference can be shown by demonstrating that an employer discriminated 'in the face of a perceived risk that its actions will violate federal law.' " Id. (citing Kolstad, 527 U.S. at 536). "This standard refers to the employer's state of mind regarding its knowledge that it 'may be acting in violation of federal law, not its awareness that it is engaging in discrimination.' " Id. (citing Kolstad, 527 U.S. at 535). "Even if the plaintiff can show that individuals in the company demonstrated the requisite intent, punitive damages are only appropriate if such intent can be imputed to the employer." Id. (citing Kolstad, 527 U.S. at 539).

The right to punitive damages is a jury question. E.E.O.C. v. Siouxland Oral Maxillofacial Surgery Associates, L.L.P, 578 F.3d 921, 926 (8th Cir. 2009). Based on the extensive record and prior orders in this case, the court finds plaintiff is allowed to complete discovery of the worth of Mr. Sherwood, Sr., and his companies in support of plaintiff's punitive damages claim. See Dockets 67, 72, 115, 120 & 145.

Defendants also resist disclosure of Mr. Sherwood, Sr.'s, historical financial information as irrelevant to plaintiff's punitive damages claim. (Docket 181 at p. 10 n. 3). Mr. Sherwood, Sr.'s, financial information is

relevant to determine whether his companies are part of an integrated

enterprise.  <u>Sandoval</u>, 578 F.3d at 793.  Defendants' objections are

overruled.  Interrogatory no. 16 must be answered.

> **INTERROGATORY NO. 17**: State whether any of the entities
> described in Interrogatories No. 1 and 2 have adopted a personnel
> policy covering sexual harassment and state the date that policy
> was enacted. Attach a copy of such policy or policies to your
> answers to these Interrogatories.

(Docket 177 at p. 21).  Defendant's response was:

> The SITC Defendants object to this interrogatory on the ground
> that it seeks information concerning entities other than the SITC
> Defendants. The SITC Defendants cannot answer an interrogatory
> on behalf of another person or entity. Subject to  and without
> waiving these objections and the objections to definitions, the
> SITC Defendants have not adopted a sexual harassment policy.

<u>Id.</u>

Ms. Heil seeks the information as part of her integrated enterprise

claim.  <u>Id.</u>   Plaintiff's interrogatory is proper to evaluate whether Mr.

Sherwood, Sr.'s, companies constitute an integrated enterprise.  <u>Sandoval</u>,

578 F.3d at 793.  Mr. Sherwood, Sr., must respond to this interrogatory as

the owner of the 29 companies identified in his response to interrogatory no.

2.  Defendants' objections are overruled.

> **INTERROGATORY NO. 19**: Identify:
>
> (a)   Each stock, bond, security, real estate, or financial
>       instrument you own and its current value;
> (b)   Each bank or credit union you currently utilize
>       identifying from each institution the type of account
>       utilized, its purpose, location (whether domestic or

offshore or foreign) and the current value of each account;

(c)    Any other investment, REIT, or other financial tool you utilize or hold which has value or is an asset.

(d)    Each account, as referenced in Interrogatory No. 19 that you have held since 2007.

(Docket 177 at p. 22).  Defendants' response was:

> The SITC Defendants object to this interrogatory on the ground that it seeks information concerning entities other than the SITC Defendants. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. The SITC Defendants further object to this interrogatory as it seeks information that is confidential and proprietary to the SITC Defendants.

Id.

This interrogatory specifically requests information from Mr. Sherwood, Sr., as "you."  Defendants' objection is without merit.  For the reasons stated in the analysis of interrogatory no. 16, the remainder of defendants' objection is overruled.  Interrogatory no. 19 must be answered.

> **INTERROGATORY NO. 20**: Identify and describe all other formal or informal complaints of sexual harassment which have been asserted against any of the entities described in Interrogatories No.1 and 2 or their employees. Include at minimum: The name, address, and telephone number of complainant, the name(s) of alleged harasser(s), the job titles and departments of alleged harassers and victims, the date of each complaint, the description of alleged harassment, and the outcome of complaint proceedings.

(Docket 177 at p. 23).  Defendants' response was:

> The SITC Defendants object to this interrogatory on the ground that it seeks information concerning entities other than the SITC Defendants. The SITC Defendants cannot answer an interrogatory on behalf of another person or entity. The SITC Defendants further object to this interrogatory on the grounds that it is overbroad, unduly burdensome, as it does not specify a time period, and seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the  objections to definitions, there have been no complaints of sexual harassment filed against either of the SITC Defendants other than the instant action.

Id.

Ms. Heil seeks the information as part of her integrated enterprise claim.  Id.  "Evidence of harassment of nonparties can be probative in a hostile work environment case, because it can bolster the plaintiffs' credibility and assist the jury in evaluating the company's motives as it determines the appropriateness of punitive damages."  Bennett v. Nucor Corp., 656 F.3d 802, 813 (8th Cir. 2011).  "Whether this probative value is substantially outweighed by unfair prejudice is a fact-intensive question that must be answered by the district court in the course of trial."  Id.

Mr. Sherwood, Sr.'s, answer was only partially responsive and was evasive.  The interrogatory requests information about "formal or informal complaints of sexual harassment" and is not limited to "filed" complaints to which defendants limited their answer.  Defendants' objections are overruled.  Interrogatory no. 20 must be fully answered.

**INTERROGATORY NO. 21**: Identify what person or entity owns (in whole or part) the Diving Horse Cabaret and Steakhouse in Atlantic City, New Jersey.  For each entity, please state:

(a)    The date of acquisition.

(b)    The nature of the property, the title thereto, and the extent of your interest therein.

(c)    The postal address of the property.

(d)    The legal description of the property.

(e)    The date and method of acquisition by you, whether by purchase, gift, inheritance or otherwise.

(f)    The purchase price, or, if otherwise acquired, the value at the time of acquisition.

(g)    The portion of the purchase price which was paid in cash, and the portion(s) which were traded or financed.

(h)    The name and address of sellers or persons from whom title was acquired, and the relationship between them and you.

(i)    The approximate current market value and income tax basis thereof.

(j)    The extent of each encumbrance, the name of the secured party and the amount and rate of periodic payments.

(k)    The amount of the current year's real estate taxes.

(l)    If sold by you or on your behalf, the date sold and consideration therefore. If you still receive payments for same, or hold a note or other security, state the current balance, manner of payment and nature of security.

(m)    Do you receive any rental or lease from any property? If so, state for each the amount and source and nature of rental or lease agreement.

(n)    The name and address of any person who has made an appraisal or has for any reason stated the approximate value of the property within the last two years.

(Docket 177 at pp. 24-25).  Defendants' response was:

The SITC Defendants object to this interrogatory on the ground that it seeks information concerning entities other than the SITC Defendants. The SITC Defendants further object to this

27

> interrogatory on the grounds that it is overbroad, unduly burdensome and seek information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the objections to definitions, the SITC Defendants did not and do not own the business that goes by the fictitious name of "Diving Horse Cabaret & Steakhouse."

Id. at p. 25.

In their response to plaintiff's motion to compel, defendants represent "[i]t is the understanding of the SITC Defendants that the Diving Horse Cabaret & Steakhouse is a fictitious name and that the business is owned solely by Angie Sherwood." (Docket 181 at p. 11). This declaration is a representation of counsel and not a sworn answer by Mr. Sherwood, Sr. The interrogatory asked Mr. Sherwood, Sr., if he knows who owns the business in question, not solely whether he or the SITC defendants owned any interest in the business. If the declaration of counsel is the extent of Mr. Sherwood, Sr.'s, knowledge, he shall provide that answer in response to this interrogatory.

Mr. Sherwood, Sr.'s, answer was only partially responsive and appears to be evasive. Defendants' objections are overruled. Interrogatory no. 21 must be fully answered.

> **REQUEST FOR PRODUCTION NO. 2**: Produce all written messages, recorded telephone messages including voicemails, and all telephone records for Terry Blood's Denver office from January 1, 2007 to September 30, 2008.

(Docket 177 at pp. 26-27). Defendants' response was:

28

> The SITC Defendants object to this document request as it requests documents about an individual who who was not an employee of the SITC Defendants and, therefore, such documents are not in the possession, custody or control of the SITC Defendants. The SITC Defendants further object to this request as it seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the objections to definitions, there are no documents in the possession, custody or control of the SITC Defendants that are responsive to this request.

Id. at p. 27.

Jason Orelup, the manager of Belle Starr, was supervised by Terry Blood. (Docket 67 at p. 3). Mr. Blood reported to Mr. Sherwood, Sr. Id. The status of the record is that Mr. Sherwood, Sr., operated Belle Starr through SITC. Id. at p. 20; see also Docket 115 at p. 2. "Ms. Heil asserted that several of her co-workers told her they had 'repeatedly reported [Jason Olerup's] behavior to the regional manager in Denver, Terry [Blood].' " (Docket 35 at p. 11) (internal citation omitted). "Mr. Blood participated in a high-level meeting shortly after Ms. Heil filed a criminal complaint against Mr. Olerup, to discuss Ms. Heil's allegations against Mr. Olerup." Id. at p. 12 (internal citation omitted). "In connection with the DHR's [South Dakota Department of Human Rights] investigation, the defendants provided an affidavit from Mr. Blood, dated January 15, 2009, in which Mr. Blood described his role in the investigation into Ms. Heil's allegations and how he learned of her accusations against Mr. Olerup." Id. (internal citations

omitted).  Mr. Blood worked for Sundial Distributors, which was owned by

Mr. Sherwood, Sr.  (Docket 177 at p. 27) (internal citations omitted).

Defendants assert "any telephone records maintained by the SITC

Defendants at the Denver Officer were destroyed [by water damage]."

(Dockets 181 at p. 12 & 182 at ¶¶ 2-5).  Defendants argue they "cannot be

compelled to produce documents that are not in their possession, custody

or control.  Plaintiff could have and should have subpoenaed [records from]

the phone company." (Docket 181 at p. 12).  Ms. Heil counters the

defendants never disclosed the name of the company in whose name the

telephone records would exist or the name of the telephone company used.

(Docket 183 at p. 10).

Production of documents is required when those materials are in a

party's "possession, custody, or control . . . ."  Fed. R. Civ. P. 34(a)(1).

"Inspection can be had if the party to whom the request is made has the

legal right to obtain the document, even though in fact it has no copy."  8B

Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice*

*and Procedure* § 2210 (2010).  " 'Control' is defined as the legal right,

authority or ability to obtain documents upon demand."  United States

International Trade Commission v. ASAT, Inc., 411 F.3d 245, 254 (D.C. Cir.

2005) (citing Wright, Miller & Cooper, *Federal Practice and Procedure*

§ 2210, other citations omitted).  There is no question Mr. Sherwood, Sr., as the owner of both SITC and Sundial Distributors, has the authority to obtain telephone records from the telephone company for Sundial's Denver office.  "[T]he overlapping . . . structure of the two companies weighs heavily in favor of a finding of control for the purpose of document production. . . . the two companies have 'interlocking management structures' which is a key factor in determining control."  Orthoarm, Inc. v. Forestadent USA, Inc., 4:06-CV-730 CAS, 2007 WL 1796214 at * 2 (E.D. Mo. June 19, 2007) (internal citation omitted).

Defendants' objection to request no. 2 is overruled.  Defendants are required by Rule 34 to produce the records requested.

> **REQUEST FOR PRODUCTION NO. 3**: Produce all written and electronic documents sent to or received from the Belle Starr Saloon and Casino, Angie's, Inc., Thomas Sherwood, Jr., and Thomas Sherwood, Sr. from January 1, 2007 through December 31, 2010.

(Docket 177 at p. 28).  Defendants' response was:

> The SITC Defendants object to this document request to the extent that it seeks documents from individuals and entities other than the SITC Defendants. The SITC Defendants cannot produce documents on behalf of another person or entity. The SITC Defendants further object to this request as it is overbroad, unduly burdensome and seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving those objections and the objections to definitions, there are no documents in the possession, custody or control of the SITC Defendants that are responsive to this request.

Id.

Plaintiff argues a number of witnesses "testified to the existence of correspondence between the Belle Starr and Tom Sherwood Sr." Id. Plaintiff moves the court to compel production of the requested documents from Mr. Sherwood, Sr., wherever those documents may be retained, stored or possessed. Id. at p. 29.

Defendants' response is limited to the SITC defendants. (Docket 181 at p. 12). Defendants' objections are overruled. For the reasons stated above, if Mr. Sherwood, Sr., possesses any of the requested documents in any one or more of the other 29 entities which he owns or controls, a further response and production is required.

> **REQUEST FOR PRODUCTION NO. 7**: Produce all invoices, contracts, requests or payments for services, independent contractor agreements, and other documents relevant to services provided to or for the Belle Starr Saloon & Casino, Inc., and Angie's, Inc. for the time period of January 1, 2007 through January 31, 2011.

(Docket 177 at p. 29). Defendants' response was:

> The SITC Defendants object to this document request as it requests documents about entities that are not owned by the SITC Defendants and, therefore, such documents are not in the possession, custody or control of the SITC Defendants. The SITC Defendants further object to this request as it seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the objections to definitions, there are no documents in the possession, custody or control of the SITC Defendants that are responsive to your request.

Id.

Plaintiff argues "[r]ecords of invoices bills, and payments between the Belle Starr and Angie's to the Sherwoods' other companies are particularly relevant to the interrelation of operations element of Plaintiff's integrated enterprise theory." Id. Defendants assert no records are in the possession of the SITC defendants. (Docket 181 at p. 12). Defendants' objections are overruled. For the reasons stated above, if Mr. Sherwood, Sr., possesses any of the requested documents in any one or more of the other 29 entities which he owns or controls, a further response and production is required.

> **REQUEST FOR PRODUCTION NO. 8**: All telephone records for outgoing and incoming calls and faxes, indicating the outgoing and incoming telephone number or fax number, from the Belle Starr Saloon & Casino, Inc. and Angie's, Inc., from January 1, 2007 through January 31, 2011.

(Docket 177 at p. 31). Defendants' response was:

> The SITC Defendants object to this document request as it requests documents from entities that are not owned by the SITC Defendants and, therefore, such documents are not in the possession, custody or control of the SITC Defendants. The SITC Defendants further object to this request as it seeks information which is not relevant and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these objections and the objections to definitions, there are no documents in the possession, custody or control of the SITC Defendants that are responsive to your request.

Id.

Plaintiff seeks production of documents "between the Companies in the Sherwoods' empire and the Belle Starr or Angie's." Id. at p. 32. Defendants  assert no records are in the possession of the SITC defendants.

33

(Docket 181 at p. 12).  Defendants' objections are overruled.  For the reasons stated previously, if Mr. Sherwood, Sr., possesses any of the requested documents in any one or more of the other 29 entities which he owns or controls, a further response and production is required.

> **REQUEST FOR PRODUCTION NO. 10**: Produce any and all documents exchanged between Belle Starr Saloon & Casino, Inc., Angie's, Inc., or any of its' employees and Sherwood Family Limited Partnership, Thomas W. Sherwood, Sr. d/b/a Sherwood Investments and Trust Company, Thomas Sherwood, Sr., Thomas Sherwood, Jr., TWS, Sherwood Enterprises, Sherwood Management, ADI, and Sundial, from January 1, 2007 through January 31, 2011.

(Docket 177 at p. 31).  Defendants' response was:

> The SITC Defendants object to this request to the extent that it seeks documents from any individual or entity other than the SITC Defendants. The SITC Defendants cannot produce documents on behalf of another person or entity. The SITC Defendants further object to this request as it is overbroad, unduly burdensome and seeks documents that are not relevant and not designed to lead to the discovery of admissible evidence. The SITC Defendants further object to this request to the extent that it is duplicative of request no. 3. Subject to and without waiving those objections and the objections to definitions, see documents that will be produced in response to request no. 3.

Id.

Plaintiff seeks production of documents "between the Companies in the Sherwoods' empire and the Belle Starr or Angie's." Id. at p. 32. Defendants argue this request for production is not only duplicitous of the earlier request but, in addition, the same documents "will be produced in response to request no. 3." Id. at p. 31.  Interestingly, however, defendants'

34

response to request no. 3 was "there are no documents in the possession,

custody or control of the SITC Defendants that are responsive to this

request." Id. at p. 28.

Defendants' objections are overruled. While some parts of requests

no. 3 and no. 10 may result in a duplication of production, for the reasons

stated above, if Mr. Sherwood, Sr., possesses any of the requested

documents in any one or more of the other 29 entities which he owns or

controls, and which are not produced in response to request no. 3, a further

response and production is required.

> **REQUEST FOR PRODUCTION NO. 15**: Produce a true and
> correct balance sheet setting forth therein in detail all assets and
> liabilities or any financial statement identified in your answer to
> Interrogatory No. 16.

(Docket 177 at p. 32). Defendants' response was:

> The SITC Defendants object to this request to the extent that it
> seeks documents regarding any entity other than the SITC
> Defendants. The SITC Defendants cannot produce documents on
> behalf of another person or entity. The SITC Defendants further
> object to this request as it is overbroad, unduly burdensome and
> seeks documents that are not relevant and not designed to lead to
> the discovery of admissible evidence, and seeks documents that
> are confidential and proprietary to the SITC Defendants.

Id.

The SITC defendants provide no further argument or legal authority to

support their objections. See Docket 181. Defendants' objections are

overruled. For all the reasons stated in the analysis of interrogatory no. 16,

35

Mr. Sherwood, Sr., is required to produce the documents indicated in

request no. 15.

> **REQUEST FOR PRODUCTION NO. 16**: Produce "your" tax
> returns for 2008-2013.

(Docket 177 at p. 32).  Defendants' response was:

> The SITC Defendants object to this request to the extent that it
> seeks documents regarding any entity other than the SITC
> Defendants. The SITC Defendants cannot produce documents on
> behalf of another person or entity. The SITC Defendants further
> object to this request as it is overbroad, unduly burdensome and
> seeks documents that are not relevant and not designed to lead to
> the discovery of admissible evidence and seeks documents that
> are confidential and proprietary to the SITC Defendants.

Id.

The SITC defendants provide no further argument or legal authority to

support their objections.  See Docket 181.  Defendants' objections are

overruled.  For all the reasons stated in the analysis of interrogatory no. 16,

Mr. Sherwood, Sr., is required to produce his complete tax returns for the

years indicated.

> **REQUEST FOR PRODUCTION NO. 17**: Produce any document
> that "you" have relied upon or utilized for purposes of filing an
> income tax return since 2008 including any and all financial
> statements.

(Docket 177 at p. 32).  Defendants' response was:

> The SITC Defendants object to this request to the extent that it
> seeks documents regarding any entity other than the SITC
> Defendants. The SITC Defendants cannot produce documents on
> behalf of another person or entity. The SITC Defendants  further
> object to this request as it is overbroad, unduly burdensome and
> seeks documents that are not relevant and not designed to lead to

> the discovery of admissible evidence and seeks documents that
> are confidential and proprietary to the SITC Defendants.

Id. at pp. 32-33.

The SITC defendants provide no further argument or legal authority to support their objections.  See Docket 181.  Defendants' objections are overruled.  For all the reasons stated in the analysis of interrogatory no. 16, Mr. Sherwood, Sr., is required to produce the documents indicated in request for production no. 17.

> **REQUEST FOR PRODUCTION NO. 18**: Produce any document,
> including but not limited to financial statements for each of the
> entities identified in Interrogatories No. 1 and 2 above, that would
> list, identify, or reference "your" net worth or assets since 2008.

(Docket 171 at p. 33).  Defendants' response was:

> The SITC Defendants object to this request to the extent that it
> seeks documents regarding any entity other than the SITC
> Defendants. The SITC Defendants cannot produce documents on
> behalf of another person or entity. The SITC Defendants further
> object to this request as it is overbroad, unduly burdensome,
> seeks documents that are not relevant and not designed to lead to
> the discovery of admissible evidence and seeks documents that
> are confidential and proprietary to the SITC Defendants.

Id.

The SITC defendants provide no further argument or legal authority to support their objections.  See Docket 181.  Defendants' objections are overruled.  For all the reasons stated in the analysis of interrogatory no. 16, Mr. Sherwood, Sr., is required to produce the documents indicated in request for production no. 18.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that plaintiff's motion to compel (Docket 176) is granted in part and denied in part consistent with this order.

IT IS FURTHER ORDERED that on or before **March 11, 2014**, Mr. Sherwood, Sr., shall provide answers and produce the documents requested by plaintiff's interrogatories and requests for production required by this order.

Dated February 25, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE