UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MISTY N. HEIL, | ) | CIV. 09-5074-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| BELLE STARR SALOON & | ) | PLAINTIFF HEIL'S |
| CASINO, INC.; ANGIE'S INC.; | ) | MOTION FOR PARTIAL |
| | ) | SUMMARY JUDGMENT |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS W. SHERWOOD, SR., | ) | |
| d/b/a Sherwood Investments & | ) | |
| Trust Company, and | ) | |
| SHERWOOD FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON ORELUP, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

******************************************************************************

| | |
|---|---|
| CHELSEA LINTON,               )<br>                              )<br>       Plaintiff,            )<br>                              )<br>  vs.                         )<br>                              )<br>ANGIE'S INC.; BELLE STARR     )<br>SALOON & CASINO, INC.;        )<br>                              )<br>       Defendants,           )<br>                              )<br>   and                        )<br>                              )<br>THOMAS W. SHERWOOD SR.,        )<br>d/b/a Sherwood Investments    )<br>and Trust Company, and        )<br>SHERWOOD FAMILY LIMITED       )<br>PARTNERSHIP,                  )<br>                              )<br>       Defendants/Cross       )<br>          Claim Plaintiffs,   )<br>                              )<br>  vs.                         )<br>                              )<br>JASON ORELUP,                 )<br>                              )<br>       Defendant/Cross Claim  )<br>          Defendant.          ) | CIV. 09-5099-JLV |

## INTRODUCTION

Pending before the court is plaintiff Misty Heil's motion for partial summary judgment. (Docket 153). Ms. Heil seeks partial summary judgment "on her claims of tangible employment action sexual harassment, hostile work environment sexual harassment, . . . retaliatory discharge and wrongful termination." (Docket 154 at p. 2). Ms. Heil submits a statement of undisputed material facts in support of the motion. (Docket 155).

Defendants resist the motion. (Dockets 161 & 168). Defendants' response includes additional material facts and identifies those facts in dispute. (Dockets 162 & 163). For the reasons stated below, Ms. Heil's motion for partial summary judgment is denied.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant can "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party meets its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at 248. Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate. Id. However, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to

which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "There can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). In order to withstand a motion for summary judgment, the nonmoving party "must substantiate [her] allegations with 'sufficient probative evidence [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (citing Gregory v. Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992), cert. denied, 507 U.S. 913 (1993)). "A mere scintilla of evidence is insufficient to avoid summary judgment." Moody, 23 F.3d at 1412. The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## DISPUTED FACTS EXIST

The court reviewed Ms. Heil's statement of disputed and undisputed material facts (Docket 155), defendants' response to Ms. Heil's statement of undisputed facts (Docket 163), and the briefing of all the parties (Dockets 154, 161, 168 & 169). The court concludes "the evidence presents a

sufficient disagreement" which requires submission of Ms. Heil's claims to a jury.  Anderson, 477 U.S. at 251-52.

While Ms. Heil presented an abundance of evidence she may have been physically or sexually assaulted by Jason Orelup, the manager of the Belle Starr, there exists a material factual dispute whether the relationship of Ms. Heil and Mr. Orelup was consensual and whether there existed a hostile work environment because of Mr. Orelup's conduct.  See Docket 163 at ¶¶ 11-14, 18-21 & 23.  Ms. Heil's reply brief acknowledges these disputes, but argues other witnesses confirm her testimony.  (Docket 169 at pp. 4-5).  "[W]here motive, intent and credibility are key factors summary judgment is generally inappropriate."  Keys v. Lutheran Family & Children's Services of Missouri, 668 F.2d 356, 358 (8th Cir. 1981).

Ms. Heil asserts the Belle Starr, Angie's, the Sherwood Investments & Trust Company ("SITC") and the Sherwood Family Limited Partnership ("SFLP") constitute an integrated enterprise making not only Mr. Orelup and Belle Starr liable for her claims, but SITC and SFLP as well.  (Docket 169 at p. 17).  Ms. Heil's factual assertions are disputed.  See Docket 163 at ¶¶ 7-9 & 52-54; see also Docket 162 at ¶¶ 1, 9-10, 12, 14-16, 79-82, 85-86.  Ms. Heil's reply brief acknowledges this material factual dispute.  (Docket 169 at pp. 17-18).

For these reasons, Ms. Heil's motion for partial summary judgment is denied.

5

**ORDER**

Based on the above analysis, it is hereby

ORDERED that Ms. Heil's motion for partial summary judgment (Docket 153) is denied.

Dated February 26, 2014.

       BY THE COURT:

       /s/ *Jeffrey L. Viken*
       JEFFREY L. VIKEN
       CHIEF JUDGE